UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 0 7 2011
Clerk, U.S. District and Bankruptcy Courts

Piero A. Bugoni, )
)
    Plaintiff, )
)
v. ) Civil Action No. 11 1957
)
David Kappos *et al.*, )
)
    Defendants. )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it, among other grounds, fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff, a resident of Boca Raton, Florida, sues the Director of the U.S. Patent and Trademark Office ("PTO") in his official capacity, the National Football League, Incorporated, and four individuals "believed to be located in Germany."[1] Compl. ¶¶ 3-8. Plaintiff alleges that "sometime in 2008," he "conceived" an invention while watching football at a local sports bar and "likely drinking beer." *Id.* ¶¶ 13, 27. The invention appears to be a camera capable of video and audio transmission that "may be installed in a [sic] NFL Regulation Football . . . ." *Id.* ¶ 20.

---

[1] Plaintiff brings his claims under 42 U.S.C. § 1983, and states that the Court has jurisdiction pursuant to the Ninth, Tenth and Fourteenth Amendments to the Constitution, as well as § 1983 and 28 U.S.C. §§ 1343, 2201. Compl. at 1. Plaintiff has stated no facts to support claims under § 1983 or any of the foregoing provisions, but the Court is satisfied that it has subject matter jurisdiction. *See Dubost v. U.S. Patent and Trademark Office*, 777 F.2d 1561, 1565 (Fed. Cir. 1985) (concluding "that the district court had jurisdiction over [patent fee] issue under . . . 28 U.S.C. § 1338(a).") (citations omitted).

Plaintiff alleges that he produced the "earliest design documents" in 2009, paid for and was "granted" a trademark number on May 22, 2011, and applied for a patent on August 15, 2011, but he could not pay the fee; nor can he pay it "before the application is abandoned." *Id.* ¶¶ 14-16.

On July 25, 2011, plaintiff allegedly purchased the internet domain name BallCam.com, where he then published the prototype of his invention. *Id.* ¶¶ 18-19. On October 14, 2011, an article was published on the internet, allegedly naming the individual defendants "as 'inventors' of a device that is of the same nature as described by [plaintiff's] Patent Application." *Id.* ¶ 20. Plaintiff seeks, among other relief, to enjoin the non-governmental defendants "from using [his] intellectual property, or claiming intellectual property Rights to [his] invention," *id.* ¶ 11, and to compel the PTO to waive the patent application fee. *Id.* ¶ 10.

To the extent that plaintiff is seeking a writ of mandamus under 28 U.S.C. § 1651 against the PTO Director, he has not cited authority showing that he has a "'clear and indisputable' right to relief," *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005), and the applicable statute belies such a claim. A provisional patent application "must be accompanied by the fee required by law," 35 U.S.C. § 111(b)(3), and "Congress has accorded no authority to the Commissioner to waive the prescribed payment." *Boyden v. Comm'r of Patents*, 441 F.2d 1041, 1044 (D.C. Cir. 1971). If the fee is not submitted within a time period prescribed by the Director, "the application shall be regarded as abandoned . . . ." 35 U.S.C. § 111(b)(3)(C). Given the "clear statutory requirement" of payment for a patent application, "mandamus [to compel a fee waiver] surely is not available." *Boyden*, 441 F.2d at 1044-45.

Because plaintiff's claims against the non-governmental defendants necessarily depend on a patent that does not exists, the Court finds that as to those claims, plaintiff cannot establish his legal standing to sue. *See Acme Highway Products Corp. v. Maurer*, 524 F. Supp. 1130, 1131 (D.D.C. 1981) ("The 'case or controversy' requirement is met in patent cases when a 'claim or charge of infringement has been made, directly or indirectly' by the person entitled to enforce the patent.") (citation omitted). Hence, the case will be dismissed. A separate Order accompanies this Memorandum Opinion.

/s/ 
United States District Judge

Date: October 18, 2011